**ALSTON & BIRD LLP**
Craig Carpenito
Steven Penaro
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9460
Fax: (212) 922-3960
craig.carpenito@alston.com
steve.penaro@alston.com

William H. Jordan (admitted *pro hac vice*)
Jason D. Popp (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-4753
Fax: (404) 881-7777

*Attorneys for Defendant Care Alternatives, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA DRUDING, et al., | HONORABLE JEROME B. SIMANDLE |
| | HONORABLE ANN MARIE DONIO |
| Plaintiffs, | |
| | Motion Returnable: October 2, 2017 |
| v. | |
| | Civil Action |
| CARE ALTERNATIVES, Inc. | No. 08-2126 (JBS-AMD) |
| | |
| Defendant. | |

**CARE ALTERNATIVES'S UNOPPOSED MOTION**
**TO FILE DOCUMENTS UNDER SEAL**

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

STANDARD OF REVIEW ............................................................................................. 1

ARGUMENT .................................................................................................................... 2

CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bertolotti v. Autozone, Inc.*,
　No. CV 14-2315 (NLH/JS), 2015 WL 12806491 (D.N.J. Sept. 22, 2015) ................................ 4

*Doe v. Delie*,
　257 F.3d 309 (3d Cir. 2001) ..................................................................................................... 3

*Everett v. Nort*,
　547 F. App'x 117 (3d Cir. 2013) .............................................................................................. 3

*Harris v. Neilson*,
　Civ. No. 09-2982, 2010 WL 2521434 (D.N.J. June 15, 2010) ................................................ 4

*Pansy v. Borough of Stroudsburg*,
　23 F.3d 772 (3d Cir. 1994) ....................................................................................................... 2

*Rosario v. Doe*,
　No. CIV. 08-5185 RMB, 2013 WL 3283903 (D.N.J. June 25, 2013) ..................................... 4

*Skinner v. Ashan*,
　No. 04-2380 JBS, 2007 WL 708972 (D.N.J. Mar. 2, 2007) ................................................ 3, 4

*United States v. Westinghouse Elec. Corp.*,
　638 F.2d 570 (3d Cir. 1980) ..................................................................................................... 3

**RULES**

Local Civil Rule 5.3 ........................................................................................................................ 2

Federal Rule of Civil Procedure 26(c) ........................................................................................... 2

**STATUTES**

31 U.S.C. § 3730(b)(2) ................................................................................................................... 1

**OTHER AUTHORITIES**

45 C.F.R. § 160.103 ....................................................................................................................... 2

## INTRODUCTION

On September 8, 2017, Defendant Care Alternatives filed the following documents presumptively under seal (hereinafter the "Subject Documents"):

- Care Alternatives's Brief in Support of Motion to Dismiss Relators' Complaint Pursuant to 31 U.S.C. § 3730(b)(2) (Docket Item No. 127, the "Motion to Dismiss Brief");

- Care Alternatives's Brief in Support of Motion for Summary Judgment (Docket Item No. 129, "Summary Judgment Brief");

- Care Alternatives's Statement of Material Facts Not in Dispute (Docket Item No. 131, "Statement of Facts"); and

- The Declaration of Steve Penaro in Support of Care Alternatives's Motion for Summary Judgment (Docket Item No. 130, the "Declaration"), and Exhibits 1, 8, 10, 12, 14, 16, 19, 24-44 attached thereto (the "Exhibits").

All of these documents contain confidential and sensitive protected health information concerning patients treated by Care Alternatives who are not parties to this case. Care Alternatives seeks leave of Court for an order that these documents remain under seal. The Plaintiff-Relators do not object to this request. For the reasons set forth below, Care Alternatives respectfully requests that this motion be granted.

## STANDARD OF REVIEW

Local Civil Rule 5.3 governs motions to seal. A motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief

1

sought is not available, (e) any prior order sealing the same materials in the pending action; and (f) the identify of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3). Courts evaluate motions to seal under the "good cause" standard of Federal Rule of Civil Procedure 26(c). This standard requires a party to make a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994) (citations and quotations omitted).

## ARGUMENT

Each of the factors under Local Rule 5.3 weigh in favor of granting this motion to seal.

**The Nature of the Materials or Proceedings at Issue**. Care Alternatives seeks to file the Subject Documents under seal because each of these documents contains confidential and sensitive patient protected health information as that term is defined in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 45 C.F.R. § 160.103 (defining "protected health information" as "individually identifiable health information" that "[r]elates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.").

Care Alternatives' Summary Judgment and Motion to Dismiss briefs describe the physical conditions of patients treated by Care Alternatives; the Declaration identifies patients treated by Care Alternatives, thereby indicating the patients received hospice care; the Statement of Facts describes the physical and mental conditions of patients and discusses the care those patients received; and the Exhibits include medical records of patients treated by Care Alternatives as well as documents that contain opinions and discussions of those patients' mental and physical conditions and the health care they received. *See* Summary Judgment Br., at 14,

26-27, 29-30; Motion to Dismiss Br., at 3-5, 12-13; Statement of Facts, at 16-18; Exhibits 1, 8, 10, 12, 14, 16, 19, 24-44.  The nature of these materials are the type that weigh in favor of granting a motion to seal.  *See, e.g., Skinner v. Ashan*, No. 04-2380 JBS, 2007 WL 708972, at *2 (D.N.J. Mar. 2, 2007) ("Since the materials at issue are medical records, which have long been recognized as confidential by nature, this factor [the nature of the materials at issue] supports Defendants' motion.") (granting motion to seal).

**The legitimate private or public interests which warrant the relief sought**.  Courts have long recognized the fundamental privacy right of a person's medical information.  *See, e.g, Everett v. Nort,* 547 F. App'x 117, 122 n. 9 (3d Cir. 2013) ("We have recognized the important privacy interest in one's medical records.") (granting motion to seal); *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information."); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980) ("There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."); *Skinner*, 2007 WL 708972, * 2 ("[W]ith respect to factor (b), the Court finds that there is a legitimate private interest (namely, Plaintiff's privacy rights) in maintaining privacy with respect to such records.").  The information that Care Alternatives seeks to seal here—confidential health information of patients Care Alternatives has treated—is innately private.  As discussed below, there is no public interest that would countervail the private interest of those patients whose health information Care Alternatives seeks to protect.

**The clearly defined and serious injury that would result if the relief sought is not granted.**  If this motion were not granted, then the private medical information of patients who have no part in this case would be made public.  *See, e.g., Skinner*, 2007 WL 708972, * 3 ("[T]he

3

Court finds that Defendants have sufficiently set forth the risk of harm to the private interests if Plaintiff's medical records are disclosed-namely, Plaintiff's privacy rights will be irreparably harmed."). There is no question that the public disclosure of an individual's medical history can result in a clearly defined and serious injury sufficient to support the sealing of medical records. *See, e.g, Bertolotti v. Autozone, Inc.,* No. CV 14-2315 (NLH/JS), 2015 WL 12806491, at *2 (D.N.J. Sept. 22, 2015) ("Public disclosure of an individual's medical history and personal identifying numbers has been held to be a clearly defined and serious injury sufficient to support sealing of medical records.") (granting motion to seal) (*citing Harris v. Neilson*, Civ. No. 09-2982, 2010 WL 2521434, at *4 (D.N.J. June 15, 2010)).

**Why a less restrictive alternative to the relief sought is not available**. Care Alternatives has already filed in open court redacted versions of the Subject Documents that contain both sensitive and non-sensitive information, with redactions only of the sensitive patient information.[1] There is no less restrictive alternative available. *See, e.g., id.* ("[L]ess restrictive alternatives are not available as the documents cannot be redacted, and all other portions of the summary judgment motion will be publicly available."); *Skinner*, 2007 WL 708972, * 3 ("[T]he Court finds that a less restrictive alternative is not available [than sealing the medical records]."); *Rosario v. Doe*, No. CIV. 08-5185 RMB, 2013 WL 3283903, at *3 (D.N.J. June 25, 2013) ("[S]ince only those portions of the filings which contain either private medical information or proprietary information will be sealed, this Court finds that no less restrictive alternative is available.").

---

[1] Care Alternatives did not file redacted versions of Exhibits 16 and 24-44, which are full-page patient medical records. Care Alternatives believes that there is no practicable or meaningful way to redact these documents to exclude non-sensitive information.

4

**Any prior order sealing the same materials in the pending action**.  Care Alternatives is unaware of any prior order sealing the same material in this action.  Relators' Complaint, however, has been filed publicly only in redacted form to remove the identity of patients identified in the Complaint.  *See* Docket Item No. 13.  On July 13, 2016, the Court entered a protective order which recognized that entities like Care Alternatives is permitted to disclose protected health information in the course of a judicial proceeding only if certain "satisfactory assurances" are received; authorized the discovery of protected health information if certain protective measures were met; found that it is not possible to identify and contact all nonparty patients whose health information may be produced; and mandated that parties file confidential documents under seal where necessary to ensure proper protection.  *See* Docket Item No. 67.

**The identity of any party or nonparty known to be objecting to the sealing request**.  The Plaintiff-Relators have informed Care Alternatives that they do not object to this request.  Care Alternatives is not aware of any other person who objects to this request.

## CONCLUSION

For the foregoing reasons, Care Alternatives respectfully requests that this Court maintain under seal the Subject Documents defined on page of this Brief.

Respectfully submitted this 22nd day of September, 2017.

/s/ Steven Penaro
Steven Penaro
Craig Carpenito
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9460
Fax: (212) 922-3960
steve.penaro@alston.com
craig.carpenito@alston.com

William H. Jordan (admitted *pro hac vice*)
Jason D. Popp (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree St.
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
bill.jordan@alston.com
jason.popp@alston.com

*Attorneys for Defendant Care Alternatives, Inc.*

6