IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VICTORIA DRUDING, et al.,

        Plaintiff-Relators,

    v.

CARE ALTERNATIVES,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 08-2126 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge:**

This matter is before the Court on the appeal [Docket Item 119] of Magistrate Judge Ann Marie Donio's June 21, 2017 Opinion and Order [Docket Item 115] denying Plaintiffs' motion to compel certain documents. [Docket Item 84.] For the following reasons, the Court will affirm the June 21, 2017 Opinion and Order.

1.  The Court need not repeat, in detail, the facts and procedural history of this case, which are detailed at length in this Court's February 22, 2016 Opinion addressing Defendant's motion to dismiss the First Amended Complaint. [Docket Item 47.] It is sufficient to note that Plaintiff-Relators in this action are former employees of Defendant, a provider of end-of-life hospice care throughout New Jersey, who bring claims on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., alleging that Defendant routinely fraudulently billed Medicare and Medicaid by admitting and

recertifying inappropriate patients for hospice care.[1] [Id. at 2, 28.]

2.   As relevant to the pending appeal, the parties entered into a Joint Discovery Agreement on May 10, 2016, whereby the parties agreed to produce documents "without prejudice to [Plaintiff-]Relators' ability to request additional Documents upon showing of good cause." [Docket Item 53 at 5.] Through the meet and confer process, the parties subsequently limited the scope of medical record discovery, which was memorialized in a letter jointly-filed by the parties on September 6, 2016. [Docket Item 70.] In this joint letter, the parties agreed that:

> Care Alternatives shall produce – in addition to the medical records already produced – medical records for twenty patients who have been identified and agreed upon by the parties . . . by September 16, 2016. Relators agree that they will not request additional patient medical records after Care Alternatives completes its production of the identified records.

[Id. at 1.] Several months later, Plaintiff-Relators filed a motion to compel the production of Defendant's records of the entire state of New Jersey and certain documents previously provided to the United States. [Docket Item 84.] Shortly thereafter, Plaintiff-Relators filed an informal discovery

---

[1] This Court dismissed Plaintiff-Relators' claims for violations of the Stark Act and the Anti-Kickback Statute, as well as Plaintiff-Relators' interdisciplinary group meeting requirement and altered documentation claims arising under the FCA and the New Jersey False Claims Act. [Docket Item 47 at 28.]

request by letter, seeking the complete records of four patients
at issue. [Docket Item 100.] Defendant opposed both requests,
principally relying upon the September 6, 2016 joint letter
limiting discovery. [Docket Items 88 & 102.] Judge Donio held
oral argument by telephone on January 5, 2017 [Docket Item 91],
and in person on April 3, 2017. [Docket Item 108.]

3.    On June 21, 2017, Judge Donio issued a twenty-one page
Opinion and Order denying Plaintiff-Relators' motion to compel
and granting Plaintiff-Relators' informal discovery request.
[Docket Item 115]. After a lengthy recitation of the procedural
and factual history of this case and relevant case law, Judge
Donio observed:

> The Court has reviewed the parties' September 6, 2016
> joint letter and notes there is no explicit reservation
> of a right to request more documents upon a showing of
> good cause, and that the joint letter does state that
> "[Plaintiff-]Relators agree that they will not request
> additional patient records after Care Alternatives
> completes its production of the identified records."

[Docket Item 115 at 10-11 (quoting Docket Item 70 at 1).]
Notwithstanding that the September 6, 2016 joint letter may have
superseded the parties' Joint Discovery Plan or otherwise
removed by omission the possibility of Plaintiff-Relators
seeking additional discovery upon a showing of good cause, Judge
Donio still proceeded to consider the merits of Plaintiff-
Relators' argument (i.e., whether there was "good cause" to
grant the motion to compel). [Docket Item 115 at 11.] After

3

considering the information and argument provided by Plaintiff-Relators, Judge Donio ultimately concluded that "Plaintiff-Relators have failed to show good cause sufficient to warrant an Order modifying the parties' September 6, 2016 discovery agreement." [Docket Item 115 at 11-13.] Moreover, Judge Donio determined that, "even if Plaintiff-Relators could establish good cause to modify the scope of discovery as agreed to by the parties during the meet and confer process, the Court finds that the discovery sought is not relevant under Rule 26 to the current claims in this action." [Id. at 13-14.] In other words, Judge Donio found that: (1) on its face, the jointly-filed letter may not have preserved Plaintiff-Relators' right to request more documents for "good cause"; (2) even if Plaintiff-Relators had preserved such right, Plaintiff-Relators failed to establish "good cause" in this instance; and (3) in any event, Plaintiff-Relators had requested documents that were not relevant to the claims in the Amended Complaint. This appeal followed. [Docket Item 119.]

4.   In the pending appeal, Plaintiff-Relators contend that Judge Donio's decision to deny the motion to compel was "clearly erroneous, and contrary to this Court's rules and case law, and as such it should be overturned." [Docket Item 119-1 at 2.] First, Plaintiff-Relators maintain that the parties' initial Joint Discovery Agreement preserved Plaintiff-Relators' right to

4

"request additional Documents upon showing of good cause,"
notwithstanding the September 6, 2016 joint letter. [Id. at 7;
see also id. at 16-18; Docket Item 121-1 at 1-4.] Second,
Plaintiff-Relators argue that Judge Donio erred in finding that
the discovery sought is not relevant under Fed. R. Civ. P. 26(b)
by "misstat[ing] the claim that Relator seeks to prove with that
evidence." [Docket Item 119-1 at 18; see also id. at 19-28;
Docket Item 112-1 at 4-12.]

    5.   When a magistrate judge decides a non-dispositive
motion, the "district court may modify the magistrate's order
only if the district court finds that the magistrate's ruling
was clearly erroneous or contrary to law." Cipollone v. Liggett
Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L.
Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . .
and set aside any portion of the Magistrate Judge's order found
to be clearly erroneous or contrary to law."). A magistrate
judge's finding is clearly erroneous when "although there may be
some evidence to support it, the reviewing court, after
considering the entirety of the evidence, is 'left with the
definite and firm conviction that a mistake has been
committed.'" Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J.
2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins.
Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States v. U.S.
Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to

law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. Where a magistrate judge "is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id.

6.   In discovery disputes, the magistrate judge exercises broad discretion and is entitled to great deference. V. Mane Fils S.A. v. International Flavors and Fragrances Inc., No. 06-2304, 2008 WL 4606313 (D.N.J. Oct.18, 2008); Cooper Hospital/ University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). This is especially true where, as here, the magistrate judge has managed discovery and scheduling in this case from virtually the outset and "developed a thorough knowledge of the proceedings." Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995).

7.   Fed. R. Civ. P. 26(b)(1) sets forth the proper scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.    In this circumstance, the Court agrees with the Magistrate Judge that Plaintiff-Relators failed to provide "good cause" to expand discovery, especially in light of the September 6, 2016 joint letter, and that the discovery they seek is irrelevant under Fed. R. Civ. P. 26(b)(1). Contrary to Plaintiff-Relators' assertions, the Magistrate Judge carefully considered the relevant discovery obligations of the parties and weighed the various factors under Rule 26(b)(1) in order to make a determination consistent with her authority.

9.    In particular, Judge Donio reviewed the records of this case in light of the claims remaining in the Amended Complaint; she examined the parties' joint letter of September 6, 2016 limiting the scope of discovery and stating the parties' negotiated agreement to preclude further discovery requests for patient records beyond those Defendant was agreeing to provide; she examined whether an unstated good cause exception was implicit in the parties' joint agreement and found for reasons that are not clearly erroneous that Plaintiff-Relators failed to show good cause in any event; she considered the geographic and temporal limits on the proper scope of discovery under the existing pleadings in a manner that was not an abuse of the Court's considerable discretion under the rule of proportionality in Fed. R. Civ. P. 26(b)(1), as amended in 2015,

which the Opinion explicitly applies to the circumstances of this case. A district judge, on appeal of a magistrate judge's well-considered discovery ruling, should not undertake a de novo analysis of what has already been briefed, argued, and adjudicated fairly and carefully. In sum, on appeal Plaintiff-Relators fail to demonstrate that Judge Donio's thorough and well-reasoned analysis is clearly erroneous or contrary to law.

10.   In light of the foregoing, the Court finds that Judge Donio's June 21, 2017 Opinion and Order was not clearly erroneous or contrary to law. Accordingly, Plaintiff-Relators' motion to appeal the Magistrate Judge's decision will be denied. The accompanying Order will be entered.


**March 22, 2018**                      **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge