IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA DRUDING, BARBARA BAIN, LINDA COLEMAN, and RONNI O'BRIEN, <br><br> Plaintiff-Relators, <br><br> v. <br><br> CARE ALTERNATIVES, INC., <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 08-2126(JBS/AMD) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

This matter comes before the Court on Defendant Care Alternative, Inc.'s motion for the recovery of attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927. [Docket Item 199.] For the reasons explained below, the Court, in its discretion, will deny the motion:

1. Plaintiff-Relators initially brought this qui tam action alleging that Defendant fraudulently billed Medicare and Medicaid by routinely admitting and recertifying inappropriate patients for hospice care, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and the New Jersey False Claims Act ("NJFCA"), N.J.S.A. § 2A:32C-1 et seq. [Docket Item 1.] After investigating Plaintiff-Relators' claims for more than seven years, and collecting hundreds of thousands of documents, the United States declined to intervene. [Docket Item 15.] The

Court subsequently dismissed without prejudice and with leave to leave to amend Plaintiff-Relators' claims regarding altered documentation and violations of the Anti-Kickback Statute arising under an implied legally false theory under the FCA and the NJFCA, and dismissed with prejudice Plaintiff-Relators claims alleging violations of the Stark Act and noncompliance with the Interdisciplinary Team Meeting requirement. Druding v. Care Alternatives, 164 F. Supp. 3d 621, 632-35 (D.N.J. 2016). The Court permitted Plaintiff-Relators' to proceed only with their FCA allegations regarding inappropriate patient admissions and recertifications for hospice care. Id. at 630-32.

    2. At the conclusion of discovery, the Court granted summary judgment in favor of Defendant. Druding v. Care Alternatives, Inc., 2018 WL 4629514 (D.N.J. Sept. 26, 2018). The legal issue of what is required to show falsity was central to the Court's determination. First, the Court adopted the analysis in two out-of-circuit district court cases, United States v. AseraCare, Inc. ("AseraCare II"), 176 F. Supp. 3d 1282 (N.D. Ala. 2016), appeal docketed, App. No. 16-13004 (11th Cir. May 26, 2016), and United States ex rel. Wall v. Vista Hospice Care, Inc. ("Vista Hospice"), 2016 WL 3449833 (N.D. Tex. June 20, 2016), with respect to the evidence required to prove "objective falsity" in the context of the False Claims Act. Druding, 2018 WL 4629514, at *12-14. Then the Court found that the material

2

facts proffered by the parties at the summary judgment stage, including Plaintiff-Relators' deposition testimony, revealed that: (1) the only identifiable person who put any direct pressure on nurses or other Care Alternatives employees to admit ineligible patients for hospice was Plaintiff-Relator Druding herself; (2) notwithstanding alleged pressure from Management to alter or falsify documents, there was no evidence that any documents were actually altered or falsified; and (3) the opinion of Plaintiff-Relators' expert, Dr. Robert Jayes, M.D., was insufficient on its own to create a genuine dispute of material fact as to falsity "where, as here, there is no factual evidence that Defendant's certifying doctor was making a knowingly false determination . . . because the ultimate issue is not whether the certification of hospice eligibility was correct or incorrect, but rather whether it was knowingly false." Id. at *15. For example, a dispute of fact about whether determinations of eligibility for hospice care lacked sufficient backup in paperwork (for a patient shown by medical records to qualify for hospice care) was not material to the issue of "falseness" of those claims. Id. at *14. Thus, the Court held that, as a matter of law, Plaintiff-Relators had not adduced evidence of objective falsity from which a reasonable fact

finder could conclude that Defendant submitted any false claims. Id. at *16.[1]

3.  Plaintiff-Relators appealed this Court's decision, and that appeal is currently pending before the Court of Appeals. See Victoria Druding, et al. v. Care Alternatives, App. No. 18-3298 (3d Cir. filed Oct. 17, 2018). Defendant, as the prevailing party, filed this motion for attorneys' fees pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927 [Docket Item 199], which Plaintiff-Relators oppose.[2] [Docket Item 206.]

4.  Under the False Claims Act's fee-shifting provision, "the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action

---

[1] The United States did not intervene and declined the Court's invitation to participate in briefing or oral argument on the summary judgment motion. Instead, the United States filed a "statement of interest," in which the United States "takes no position on Care Alternatives' pending motion for summary judgment but provides this statement of interest to address four legal arguments raised in Care Alternatives' brief in support of its motion." [Docket Item 153 at 1.]

[2] Notwithstanding Plaintiff-Relators' pending appeal in the Third Circuit, the Court retains jurisdiction over Defendant's motion for attorneys' fees. See Schering Corp. v. Vitarine Pharm. Inc., 889 F.2d 490, 495 (3d Cir. 1989) ("[A] district court . . . retains the power to adjudicate matters such as applications for counsel fees."); see also Willy v. Coastal Corp., 503 U.S. 131, 138 (1992) ("[I]t is well established that a federal court may consider collateral issues after an action is no longer pending. . . . Such an order implicates no constitutional concern because it does not signify a district court's assessment of the legal merits of the complaint.").

was clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment." 31 U.S.C. § 3730(d)(4). Congress has also mandated that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "requires a finding of counsel's bad faith as a precondition to the imposition of fees." Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987).

5. Defendant argues that Plaintiff-Relators' theory of liability was "legally frivolous" because Plaintiff-Relators sought to prove falsity through the subjective opinion of an expert witness "in clear contravention of Third Circuit holdings." [Docket Item 199-1 at 1, 11-12] (citing United States ex rel. Thomas v. Siemens AG, 593 F. App'x 139, 143 (3d Cir. 2014) and United States ex rel. Hill v. Univ. of Med. & Dentistry of N.J., 488 F. App'x 314, 316 (3d Cir. 2011)). Defendant also argues Plaintiff-Relators' theory of liability was "factually frivolous" because the records produced in discovery in fact supported the appropriateness of hospice care for the patients identified in the Amended Complaint, because discovery revealed that Plaintiff-Relator Druding was the only Care Alternatives employee who directly pressured nurses or

5

other employees to admit inappropriate patients, and because Plaintiff-Relators advanced a theory of altered documents at the summary judgment stage, which was unsupported by the record evidence, after those allegations had been dismissed by the Court. [Docket Item 199-1 at 2, 11-12.] In the alternative, Defendant argues that fees and expenses should be assessed against Plaintiff-Relators' counsel under 28 U.S.C. § 1927. [Id. at 13-16.] In total, Defendant seeks to recover attorneys' fees and expenses in the amount of $1,887,575.02. [Id. at 16-17.]

6. The Court declines to award attorneys' fees and expenses under 31 U.S.C. § 3730(d)(4) or 28 U.S.C. § 1927. Plaintiff-Relators initiated this case more than ten years ago, patiently waited seven years for the United States to decline intervention, largely survived a motion to dismiss, and staunchly opposed Defendant's motion for summary judgment. The Court deemed Plaintiff-Relators' proffered evidence insufficient to survive summary judgment, but declines to hold that the Plaintiff-Relators' legal theories behind their claims against Defendant were wholly frivolous.

7. Plaintiff-Relators took the position on summary judgment that AseraCare II and Vista Hospice were wrongly decided and that medical expert evidence alone, without proof of objective falsity, can create a triable issue of fact. Although this Court found AseraCare II and Vista Hospice to be the most

cogent explanations of FCA liability on this point, totally consistent with relevant Third Circuit caselaw, and not directly contradicted by any binding cases cited by Plaintiff-Relators, and held that Plaintiff-Relators' expert report was insufficient to establish a genuine dispute of material fact as to falsity, Plaintiff-Relators have appealed these issues to the Third Circuit. Litigants are well within their rights to attempt to advance the law or to overturn precedent, particularly in areas of the law that are not well-trodden. See Solid Waste Servs., Inc. v. New York Marine & Gen. Ins. Co., 2014 WL 12616849, at *1 n. 3 (E.D. Pa. June 16, 2014) ("[B]ecause our jurisprudence must be cultivated to yield fair and just outcomes in a variety of types of cases, courts must allow litigants to try their hands at planting the seeds of unique or novel theories, so long as those germs are not frivolous.").

8. The Court has "broad discretion in its award of attorneys' fees." In re Prudential Ins. Co. of Am. Sales Practice Litig., 103 F. App'x 695, 698 (3d Cir. 2004). Notwithstanding the Court's ultimate determination that Plaintiff-Relators had not adduced evidence of objective falsity sufficient to raise a genuine dispute of material fact, the Court finds that Plaintiff-Relators' claims were not clearly frivolous, clearly vexatious, or primarily for the purposes of

7

harassment. Nor does the Court believe that Plaintiff-Relators' counsel acted in bad faith on their clients' behalf.

9. Moreover, the standard for awarding attorneys' fees under the FCA is a demanding one. It is not enough under 31 U.S.C. § 3730(d)(4) that Defendant is the prevailing party; that only begins the fee-shifting inquiry. As noted above, the party seeking fees must also demonstrate that the FCA claims were "clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment." 31 U.S.C. § 3730(d)(4). The Court sees no evidence that Plaintiff-Relators' initial intent was to harass the Defendant. Also, while Plaintiff-Relators would have been better served by conceding that some aspects of their claims were unsupported (e.g., several of the hospice patient designations that even their own expert did not fault), the Court cannot say that their overall litigation strategy was clearly vexatious. Finally, as noted, the Plaintiff-Relators' legal theory of falsity under the FCA is not "clearly" frivolous, as reasonable minds could argue for a view of the law contrary to this Court's determination, supporting Plaintiff-Relators' arguments and thus breathing life into factual disputes that are presently immaterial.

10. Similarly, Defendant does not meet the requirements for imposing sanctions against Plaintiff-Relators' counsel under Section 1927 for vexatious litigation, requiring a finding not

8

only of vexatious litigation strategies but also the "bad faith" of counsel. Gaiardo, 835 F.2d at 483. "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002) (quoting Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. Of Teachers, AFL-CIO, 829 F.2d 1370, 1375 (6th Cir. 1987)). Strenuous advocacy, even in a long-shot cause like this one, does not equal bad faith.

11. While the Court is sympathetic to the fact that Defendant has expended almost $2 million in counsel fees and costs to successfully overcome Plaintiff-Relators' allegations, the underlying circumstances do not rise to the level of egregiousness that Congress has required in both 31 U.S.C. § 3730(d)(4) or 28 U.S.C. § 1927 in order to shift fees against a non-prevailing party. For the foregoing reasons, Defendant's motion for attorneys' fees is denied. The accompanying Order will be entered.

**January 28, 2019**          **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
        U.S. District Judge